# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _____ D.C.

05 MAY -3 PM 2: 26

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ANGELA F. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-2252 |
| | ) | |
| ALLSTATES FABRICATING COMPANY, | ) | |
| INC., FKI LOGISTEK, and FKI | ) | |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the motion of Allstates Companies, Inc.[1] ("Defendant") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (dkt # 8). Angela Roberts ("Plaintiff") asserts violations of (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) 42 U.S.C. § 1983, for deprivation of property without due process of law under the Fourteenth Amendment to the United States Constitution; (3) the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 (2003); and (4) various state common law torts. Defendant argues that (1) the Title VII claim is time-barred because Plaintiff did not file the Complaint within ninety days of receiving a Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC"); (2) the remaining claims are time-barred because Plaintiff filed the Complaint after the one year statute of limitations had run; and (3) Plaintiff has no excuse for her delay that would justify

---

[1]Allstates Companies, Inc., not Allstates Fabricating Company, Inc., is the proper name of Defendant. (See Def.'s Mot. for Summ. J.) Allstates Companies, Inc. is privately held by FKI Logistek, a unit of FKI Industries, Inc. (See Def.'s Rule 26 Disclosure.)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-5-05

21

equitable tolling of either time limit. For the following reasons, the Court grants in part and denies in part Defendant's motion for summary judgment.

## I.    FACTUAL BACKGROUND[2]

Plaintiff was employed as an administrative assistant with Defendant from October 17, 1992 to September 24, 2001, and was the only female employee in the manufacturing division. Plaintiff asserts that she was subjected to sexual discrimination, sexual harassment, and a hostile work environment. Defendant's employees and supervisors allegedly assaulted her on multiple occasions, despite her repeated complaints. Plaintiff maintains that the foreman groped her repeatedly, exposed himself to her, called her a "crackwhore," asked for sexual favors, taunted her with pornography in front of co-workers, spread rumors as to her sexual promiscuity, and instructed other employees to assault her. In the final alleged incident before Plaintiff was laid off, the foreman grabbed Plaintiff's breasts, pushed her against a wall, and groped between her legs. She also claims that paperwork and personal belongings were removed from her desk, the janitorial staff was instructed not to clean her work area, and her office furniture was moved to make her work more difficult.

Plaintiff alleges that in addition to the repeated incidents of harassment, two official employment actions were taken against her based on her gender. On August 15, 2001, she was denied a promotion to the forklift driver position, and on September 24, 2001, she was laid off. Defendant stated that the reason for her dismissal was company reorganization, but Plaintiff argues that the denial of her promotion and her dismissal were due to sex discrimination and retaliation for her complaints of sex discrimination. Despite Plaintiff's complaints to higher level management, Defendant allegedly took no steps to stop or remedy the offending conduct.

---

[2]Facts are taken from the Amended Complaint, Defendant's Memorandum in Support of Motion for Summary Judgment with its attached Exhibits, and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

Plaintiff filed an EEOC complaint and was issued a Right to Sue letter, dated December 12, 2002. Plaintiff maintains that she received the letter on January 17, 2003. Plaintiff filed the instant complaint on April 16, 2003. Defendant filed a motion for summary judgment on September 18, 2003.

## II.    LEGAL STANDARD

As previously noted, because the Court considered the agreement that was attached to Defendant's motion, the motion will be considered a summary judgment motion instead of a motion to dismiss. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure

§ 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

## III.   ANALYSIS

### A.   Title VII Claims

Defendant asserts that Plaintiff was untimely in filing the complaint because more than ninety days had passed since the EEOC issued a right-to-sue letter. Plaintiff contends that the complaint was timely because it was filed within ninety days of her receipt of the right-to-sue notice. For the following reasons, the Court finds that the Title VII complaint was timely filed.

Under Title VII, when the EEOC issues a right-to-sue notice to a complainant, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5 (2003). A civil action against the respondent named in the charge must be brought within ninety days of receipt of the right-to-sue letter or it is time-barred. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984).

> The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a [right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000). The EEOC issued a right-to-sue letter on December 12, 2002. Plaintiff filed her complaint on April 16, 2003, which is 125 days after the EEOC issued the right-to-sue letter. Given the five day receipt presumption, the complaint was filed thirty days after the expiration of her ninety-day limitations period. However, Plaintiff maintains that she did not receive the right-to-sue letter until January 17, 2003. "[T]he 90-day limitations period begins when a plaintiff actually receives the EEOC's letter." Wilson v. National Car Rental System, Inc., 94 F.3d 646, *1.

Defendant contends that a claimant is presumed to have received a right-to-sue letter within five days of mailing. However, in Cohen v. School Dist. of City of River Rouge, 173 F.3d 428 (6th Cir. 1999), the Court held that "[u]nder the common law rule, in order to take advantage of the presumption that a letter has been received, the mailer must prove that the letter was properly addressed, had sufficient postage, and was properly deposited in the mail." Cohen, 173 F.3d at *1. In Cohen, the Sixth Circuit held that, "[g]iven the fact that the EEOC normally has the means to

5

demonstrate receipt of the Notice of Right to Sue, we decline to foreclose the Title VII claims of an individual who was diligent . . . in the pursuit of relief." Id. The Court remanded the case in spite of proof that the plaintiff had received three notices from the post office that it had attempted to deliver the right-to-sue letter. Id. at 1-2

In the instant case, Defendant has offered no proof that the right-to-sue letter was actually mailed to Plaintiff on the date of issuance, that it was mailed to the correct address, that it had sufficient postage, or that delivery was ever attempted. Plaintiff insists that she did not receive the letter until January 17, 2003. She knows that January 17 is the exact date because she noted it on her personal calendar. Furthermore, Plaintiff has asserted that she repeatedly had difficulty receiving her mail and made numerous complaints to the post office. The Court thus holds that Plaintiff's complaint is not time-barred.

Accordingly, the Court denies Defendant's motion for summary judgment.

B. Plaintiff's Other Claims

Defendant next argues that Plaintiff's other claims are barred by the one year Tennessee statute of limitations, as codified by Tennessee Code Annotated § 28-3-104. This statute governs Plaintiff's tort, conspiracy, Tennessee Human Rights Act, and federal civil rights claim. Plaintiff acknowledges that the remainder of her claims are time-barred. Therefore, the Court grants Defendant's motion for summary judgment as to Plaintiff's 42 U.S.C. § 1983 claim and Plaintiff's state law claims.

## IV.    CONCLUSION

For the reasons stated herein, Defendant's motion for summary judgment is **DENIED** as to

Plaintiff's Title VII claim and **GRANTED** as to all of Plaintiff's other claims.


**IT IS SO ORDERED** this ___3rd___ day of May, 2005.




BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in
case 2:03-CV-02252 was distributed by fax, mail, or direct printing on
May 5, 2005 to the parties listed.

---

Martin F. ssThompson
SCRUGGS SOSSAMAN & THOMPSON
One Commerce Square
Ste. 1525
Memphis, TN 38103--551

Stuart B. Breakstone
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT